## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **Elizabet Diaz** | ) | |
| | ) | |
| **On Behalf of Herself and** | ) | |
| **All Others Similarly Situated,** | ) | |
| | ) | |
|     **Plaintiff;** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **AMG Services, Inc.** | ) | |
|  [Registered Agent: | ) | |
| **Thomas E. Gamble** | ) | CASE NO.:  13-cv-2513 EFM/JPO |
| **202 South Eight Tribes Trail** | ) | |
|  **Miami, Oklahoma 74354** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Crystal Cram-Grote** | ) | |
| **28615 S. State Route D** | ) | **JURY DEMANDED** |
| **Cleveland, MO  64734-9309** | ) | |
| | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Scott A. Tucker** | ) | |
| **2405 W. 114th Street** | ) | |
| **Leawood, KS  66221** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Blaine A. Tucker** | ) | |
| **14568 Sherwood Road** | ) | |
| **Overland Park, KS  66224** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

### Collective and Class Action Claims

**COMES NOW** the Plaintiff, Elizabet Diaz, on behalf of herself and all others similarly situated, by and through counsel, and hereby sets forth her collective action under § 216(b) of the

Fair Labor Standards Act ("FLSA") for violations of the FLSA, and her class action under Fed. R. Civ. P. 23 for violations of the Kansas Wage Payment Act ("KWPA"), and states as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants AMG Services, Inc. ("AMG"), Crystal Cram-Grote, Scott Tucker and Blaine Tucker, for unpaid wages, and related penalties and damages.

2. Defendants' practices and policies have resulted in Defendants willfully failing to pay overtime wages due and owing to Plaintiff and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In addition, Plaintiff brings this action as the class representative of Defendants' Loan Collector employees for Defendant's failure to pay wages due to Plaintiff and members of the class in violation of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq*.

3. Defendants operate a call center at 10895 Lowell Avenue in Overland Park, Kansas where Defendants employ approximately 300 hourly Loan Collectors who are tasked with collecting high-fee, short-term "payday" loans.

4. Plaintiff and other hourly Loan Collector employees of Defendants have been paid compensation by Defendants on an hourly basis, plus commissions.

5. Plaintiff and other hourly Loan Collector employees employed by Defendants at the call center have worked more than 40 hours during various work weeks.

6. In calculating the overtime pay of Plaintiff and other hourly Loan Collector employees for work in excess of 40 hours during relevant work weeks, Defendants have under-calculated the "regular rate" of hourly pay of such employees by failing to include commissions earned during such work weeks in their "regular rate" of hourly pay, resulting in unpaid overtime wages owed to such employees.

7. Defendants' policies and practices, as described herein, including its failure to include commissions in the "regular rate" of hourly pay for purposes of calculating weekly overtime pay as described herein, are similarly applied to all of Defendants' hourly Loan Collector employees.

8. Defendants have failed to pay all overtime wages due to the Plaintiff and its hourly Loan Collectors by failing to include relevant commissions while calculating their hourly overtime pay rate in violation of the FLSA and the KWPA.  Plaintiff seeks compensation for unpaid overtime premiums for all hours worked, required, suffered, or permitted by Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

9. Defendant AMG is a corporation chartered under the laws of the Miami Tribe of Oklahoma with its principle place of business in Overland Park, Kansas. Defendant AMG does business in the State of Kansas, operating a call center where Loan Collector employees of Defendant AMG are tasked with collecting high-fee, short-term "payday" loans.

10. Defendant Crystal Cram-Grote is AMG's Director of Operations for the Overland Park call center where Plaintiff and other Loan Collector employees work.  As AMG's Director of Operations, Defendant Cram-Grote works at the Overland Park call center and is responsible for formulating and implementing AMG's compensation policies and practices for Loan Collectors.  Among such policies and practices that Defendant Cram-Grote has formulated and implemented are the policies and practices of failing or refusing to include commission income in the calculation of the Loan Collectors' hourly

"regular rate" of pay for purposes of determining overtime pay of Loan Collectors, as described herein. As such, Defendant Cram-Grote is an "employer" of AMG's Loan Collectors for purposes of FLSA and KWPA liability.

11. Defendant Scott A. Tucker is a resident of the State of Kansas and is employed by AMG in a management capacity. Upon information and belief, Defendant Scott A. Tucker conferred with Defendant Cram-Grote regarding, and authorized the formulation and implementation of, AMG's compensation policies and practices for Loan Collectors. Among such policies and practices that Defendant Scott A. Tucker conferred with Cram-Grote and authorized were the formulation and implementation of the policies and practices of failing or refusing to include commission income in the calculation of the Loan Collectors' hourly "regular rate" of pay for purposes of determining overtime pay of Loan Collectors, as described herein. As such, Defendant Scott A. Tucker is an "employer" of AMG's Loan Collectors for purposes of FLSA liability and KWPA liability.

12. Defendant Blaine A. Tucker is a resident of the State of Kansas and is employed by AMG as its secretary/manager. Upon information and belief, Defendant Blaine A. Tucker conferred with Defendant Cram-Grote regarding, and authorized the formulation and implementation of, AMG's compensation policies and practices for Loan Collectors. Among such policies and practices that Defendant Blaine A. Tucker conferred with Cram-Grote and authorized were the formulation and implementation of the policies and practices of failing or refusing to include commission income in the calculation of the Loan Collectors' hourly "regular rate" of pay for purposes of determining overtime pay of Loan Collectors, as described herein. As such, Defendant Blaine A. Tucker is an "employer" of AMG's Loan Collectors for purposes of FLSA and KWPA liability.

13. Plaintiff Elizabet Diaz resides in De Soto, Kansas.

14. From approximately May 2011 to the present, Plaintiff Diaz has been employed as an hourly Loan Collector employee of the Defendants at Defendant's Overland Park call center. Plaintiff Diaz and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly Loan Collector employees of Defendants at that location.

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

16. The United States District Court for the District of Kansas has personal jurisdiction because Defendants conduct business in Johnson County, Kansas, located within this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conduct business and can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in substantial part in the District of Kansas.

18. The claims for violations of the KWPA are based upon the statutory law of the State of Kansas. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties. The liability evidence establishing all of causes of action will be similar and none will predominant nor create unmanageable confusion to a jury.

19. The claims for violations of the KWPA are based on "wages due" from the Defendants to the Plaintiff and the putative class. Among the bases of such wages being due are the substantive requirements of the FLSA. Thus, in addition to supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1331 this court has original subject matter jurisdiction over the federal FLSA questions involved in the KWPA claims.

## COUNT I
## FLSA Claims

20. Plaintiff hereby incorporates the allegations set forth above.

21. While employed by Defendants, Plaintiff Diaz has performed work as an hourly Loan Collector employee at Defendant's Overland Park call center.

22. During the Plaintiff's employment with the Defendants, the Defendants employed over 300 hundred other individuals who had similar job duties as hourly Loan Collector employees with a similar compensation structure as the Plaintiff. Specifically, such Loan Collector employees were paid an hourly wage plus commissions. Said other hourly Loan Collector employees also worked at Defendants' Overland Park, Kansas location (the putative collective and class action plaintiffs).

23. Plaintiff brings her FLSA claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as hourly Loan Collector employees within three years from the commencement of this action who have not been compensated for all overtime premiums for all hours for which they suffered or were permitted to work.

24. Plaintiff brings her FLSA claims as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated putative plaintiffs of the collective action.

25. Plaintiff and the putative plaintiffs are similarly situated in that they have been subjected to Defendants' common practices or policies of failing to include commission earned in the calculation of their "regular rate" of hourly pay for purposes of paying overtime wages due for work performed in excess of 40 hours during relevant work weeks in violation of the FLSA.

26. The names and addresses of the putative plaintiffs are available from the Defendants. To the extent required by law, Plaintiff will seek notice to be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

27. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars) annually.

28. The FLSA requires a covered employer to compensate employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of at least one and one-half the "regular rate" of pay for work performed in excess of forty hours in a workweek.

29. At all relevant times, Defendants have had a policy and practice of paying hourly Loan Collector employees based on an hourly rate, plus commissions. Pursuant to Defendants' compensation system, hourly Loan Collector employees were paid overtime at an hourly rate that included only their base hourly rate of pay; Defendants failed to include commissions earned in calculating their overtime hourly pay rate.

30. Defendants' compensation policies and practices of failing to account for commissions in calculating the weekly overtime pay rates of Loan Collector employees have resulted in a substantial difference between the various weekly overtime pay rates by which Defendants compensated its Loan Collector employees and the relevant weekly overtime

pay rates required by law, resulting in Defendants' failure to pay hourly Loan Collector employees for all overtime wages due as required by the FLSA.

31. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one and one-half times the "regular rate" of pay for work performed in excess of forty hours in relevant work weeks, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

33. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, pray for relief as follows:

    a.    Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join this action pursuant to U.S.C. § 216(b);

    b.    Designation of Plaintiff Elizabet Diaz as the Representative Plaintiff of the putative members of the FLSA collective action;

    c.    A finding that Defendants' unlawful practices complained of herein are "willful" for purposes of the FLSA, 29 U.S.C. § 201, *et seq.*;

d.  An award of damages for overtime compensation due for the Plaintiffs and the putative members of the collective actions, including liquidated damages, to be paid by Defendants, jointly and severally;

e.  Designation of Brady & Associates as class counsel.

f.  Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
## KWPA Claims

34. Plaintiff hereby incorporates the allegations set forth above.

35. The Plaintiff brings her claims for Defendants' violations of the KWPA as a class action pursuant to Fed. Rule Civ. P. 23 on behalf of herself and as representatives of the following class:

> All current and former hourly Loan Collector employees of Defendants who worked at Defendant's Overland Park call center in the past three years and who were subject to Defendants' policies and practices of failing to include their commissions earned in their "regular rate" of pay for purposes of calculating their hourly overtime pay rate resulting in Defendants' failure to compensate them for all of their overtime wages due.

36. At all relevant times, each Defendant has been an "employer" within the meaning of the KWPA, K.S.A. § 44-313(a).

37. At all relevant times, Defendants have employed, and continue to employ, "employees," within the meaning of the KWPA § 44-313(b), including the Plaintiff and all others similarly situated.

9

38. The Plaintiff, on behalf of herself and all others similarly situated, bring a claim for Defendants' violations of the KWPA, K.S.A. § 44-312 *et seq*.

39. At all relevant times, Defendants have had a policy and practice of failing to include relevant commissions earned in their "regular rate" of hourly pay for purposes of calculating their hourly overtime pay rate, resulting in Defendants' failure to compensate them for all of their "wages due" in violation of the KWPA, K.S.A. § 44-314.

40. For purposes of the KWPA, such wages were due pursuant to the overtime pay requirements of the FLSA.

41. Such failure to pay Plaintiff, and all others similarly situated, their wages due has constituted a willful violation of the KWPA, K.S.A. 44-314(b), because such failure to pay wages due benefited Defendants and caused a direct detriment to the Plaintiff, and all others similarly situated.

42. Class certification for claims asserted pursuant to the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    a. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at the present time but is believed to be approximately 300;

    b. There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) Whether Defendants' pay policies and practices for its hourly Loan Collector employees violate their compensation rights under KWPA, K.S.A. § 44-313 *et seq*.; (ii) Whether Defendants have violated the KWPA due to Defendants' failure to pay wages due to its hourly Loan Collector employees all overtime wages due pursuant to the statutory and regulatory requirements of the FLSA; (iii) Whether

        Plaintiff and other members of the class have suffered damages as a result of Defendants' violations of the KWPA.

  c.    The Plaintiff's claims are typical of the claims of the members of the class. The Plaintiff was paid under the same policy and procedure as all members of the class. The Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendants; and

  d.    The Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has retained legal counsel who is competent and experienced in class action and complex litigation involving compensation claims. The Plaintiff has no interests which are adverse to or in conflict with other members of the class.

43.    Class certification of this claim is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

  a.    There is minimal interest of members of this class in individually controlling their prosecution of claims that all claims will be similar in nature under the Court's analysis of the Defendants' pay plan and its compliance with this law;

  b.    There is no known prior litigation being prosecuted against the Defendants by this class of employees for the claims involved;

  c.    It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the similar claims; and

      d.    There are no unusual difficulties likely to be encountered in the management of this case as a class action, and Plaintiff and her counsel are not aware of any reason why this case should not proceed as a class action on the claims against Defendants. Class members can be easily identified from Defendants' business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

44.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff and the individual class members can effectively litigate against a large corporate entity such as Defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

**WHEREFORE**, the Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

      a.    Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendants violated the KWPA and naming the Plaintiff, Elizabet Diaz as a proper class representative;

      b.    Declaring and determining that Defendants have violated the KWPA by failing to properly pay wages due to the Plaintiff and other members of the class;

c.  Entering judgment in favor of Plaintiff and the class and against Defendants, jointly and severally, for amounts respectively due Plaintiff and other employees of Defendants similarly situated for unpaid wages;

d.  Awarding Plaintiff and the members of the class the statutory penalty under K.S.A. § 44-315(b) for Defendants' failure to pay them wages due;

e.  Designation of Brady & Associates as class counsel;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all claims and issues triable by jury.

## Designated Place of Trial

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**BRADY & ASSOCIATES**

*s/ Michael F. Brady*
Michael F. Brady     KS # 18630
Mark A. Kistler      KS # 17171
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
brady@mbradylaw.com
mkistler@mbradylaw.com
**ATTORNEYS FOR PLAINTIFFS**